UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MIKEAL WOODEN-OUSLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 08 C 3381 |
| | ) | |
| CITY OF CHICAGO, Chicago Police | ) | |
| DETECTIVE JULIE MENDEZ, | ) | |
| P.O. JOSEPH CORONA, | ) | |
| P.O. OSCAR SERRANO, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This matter comes before the court on the motion of Defendants Julie Mendez and the City of Chicago for summary judgment on the complaint of Plaintiff Mikeal Wooden-Ousley ("Wooden"). For the reasons set forth below, the motion is granted.

## BACKGROUND

On June 13, 2006, Wooden was arrested for carjacking a van driven by Jorge Palamino. The van that was involved in the carjacking was originally owned by Maria and David Gutierrez. Maria had sold the van in early 2006.

In April 2006, a police officer saw the van parked on a Chicago street without license plates. When the officer asked the person in the driver's seat for identification, he provided a driver's license identifying the man as Mikeal Wooden Ousley. The van

was towed and impounded, and the report listed Wooden as the vehicle's occupant. No arrest was made.

Following the impoundment of the van, Maria was notified that it had been towed. She retrieved it from the impound lot and lent it to Christina Salgado to drive. On May 19, Salgado, Palamino, and two other passengers were driving in the van. As the four were stopped at an intersection, another car pulled up alongside them. One of the passengers engaged in brief conversation with Salgado and Palamino. During the exchange, the passenger insisted that the van was his. The driver of the car pulled in front of the van to block its path. The passenger then exited the car, forced the four occupants out of the van at gunpoint, and drove off in the van.

Mendez was the detective assigned to investigate the robbery. On May 30, Mendez spoke with Maria, who stated that she had owned the van previously, sold it, gotten it back after it was towed in April, and loaned it to Salgado. Mendez obtained a copy of the tow report, which listed Wooden as the van's occupant when it was found on the street in April. After learning Wooden's identity, Mendez showed Maria his photograph, and Maria identified him as the person who had bought the van from her.

Thereafter, Mendez generated a six-photograph array that included a picture of Wooden. When she showed the photo array to Salgado and Palamino on May 31, they identified Wooden as the man who had taken the van from them at gunpoint. Wooden

was then arrested and later indicted on charges of vehicular hijacking, armed robbery, and unlawful restraint. He remained in custody pending trial and was acquitted by a jury in May 2008. One year later, he filed the instant suit, which seeks relief under 42 U.S.C. § 1983 against Mendez for false arrest and failure to provide exculpatory evidence as well as a state law claim for malicious prosecution. The City is named as a defendant in the malicious prosecution claim under the doctrine of *respondeat superior*.[1]

## LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant in entitled to summary judgment as a matter of law." Fed. R. Civ. P. 56©. A genuine issue of material fact exists when the evidence is such that a reasonable jury could find for the nonmovant. *Buscaglia v. United States,* 25 F.3d 530, 534 (7th Cir. 1994). The movant in a motion for summary judgment bears the burden of demonstrating the absence of a genuine issue of material fact by specific citation to the record; if the party succeeds in doing so, the burden shifts to the

---

[1] Defendants Joseph Corona and Oscar Serrano are also police officers who were involved in Wooden's case; they moved for summary judgment in their favor on the grounds that they were entitled to qualified immunity. Wooden agreed with that assertion in his response to the motion for summary judgment. Accordingly, summary judgment is appropriate with regard to Corona and Serrano and our discussion is limited to issues pertaining to Mendez and the City.

nonmovant to set forth specific facts showing that there is a genuine issue of fact for trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S. Ct. 2548, 2554 (1986). In considering motions for summary judgment, a court construes all facts and draws all inferences from the record in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S. Ct. 2505, 2513 (1986).

With these principles in mind, we turn to the motion at hand.

## DISCUSSION

To obtain relief under § 1983, a plaintiff must prove that a defendant, acting under color of state law, deprived him or her of a constitutionally protected right. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). Wooden's § 1983 claim has two foundations. The first asserts that Mendez deprived him of his Fourth Amendment rights against unreasonable seizure by causing him to be arrested without probable cause. Mendez contends that the undisputed facts establish that probable cause existed for the arrest and that she is entitled to judgment as a matter of law. A determination of probable cause to arrest looks at the facts and circumstances that an officer knows at the time an arrest is made. *Chelios v. Heavener*, 520 F.3d 678, 685-86 (7th Cir. 2008). If those facts and circumstances, viewed from the standpoint of a reasonable person in the officer's position, would be sufficient to form a belief that the arrestee has committed an offense, probable cause is established. *Id.* An arrest

made with probable cause is lawful even if the officer's belief later proves to be mistaken. *Maxwell v. City of Indianapolis*, 998 F.2d 431, 436 (7th Cir. 1993).

At the time of Wooden's arrest, he had been identified by Maria as the purchaser of the van earlier in the year. The tow report contained his driver's license number, and his picture was obtained via the information supplied at the time the van was towed in April, an incident in which neither Maria nor Salgado nor Palamino was involved. The victims of the carjacking stated that the person who took the van from them at gunpoint stated that the van was his before taking it. When viewing the photo array, Salgado and Palamino, both of whom were present at the carjacking, each identified Wooden's photo and no other as depicting their attacker. The crime being investigated was violent and very little time had elapsed between the event and the subsequent identification by Salgado and Palamino. These circumstances establish more than a mere suspicion of criminal activity, even if they ultimately proved insufficient to support a conviction. *See Holmes v. Village of Hoffman Estates*, 511 F.3d 673, 679 (7th Cir. 2007). A reasonable person in Mendez's position would believe that the probability that Wooden had committed the crime was sufficient to justify arrest. Because probable cause was present, Wooden's arrest was a reasonable seizure lawful under the Fourth Amendment.

The second of the § 1983 claims, which pertains to actions Mendez took or did not take after Wooden Ousley was arrested, is undeveloped. It is well settled in this

circuit that a party cannot avoid summary judgment with opaque and vaguely supported positions. *See, e.g., Eberts v. Goderstad*, 569 F.3d 757, 766-67 (7th Cir. 2009); *Schacht v. Wisc. Dep't of Corr.*, 175 F.3d 497, 504 (7th Cir. 1999). Consequently, Mendez is entitled to judgment as a matter of law on Wooden's claims for relief under 42 U.S.C. § 1983.

Wooden's final claim, malicious prosecution against Mendez, rests on his ability to demonstrate that she, in the absence of probable cause, maliciously commenced or continued a criminal proceeding against him that was terminated in his favor and that caused him damage. *See Swick v. Liautaud*, 662 N.E.2d 1238, 1242 (Ill. 1996). As noted in the discussion of the § 1983 false arrest claim, probable cause was present in Wooden's case. Its presence prevents Wooden from establishing his state law claim against Mendez as well as any vicarious liability of the City for Mendez's actions. Judgment as a matter of law is therefore appropriate for both defendants on the malicious prosecution claim.

## CONCLUSION

Based on the foregoing analysis, the motion for summary judgment is granted in its entirety.

_____
Charles P. Kocoras
United States District Judge

Dated:   November 10, 2009